## PONCE & GUAYAMA RAILROAD COMPANY,
### a Corporation, Complainant,

*v.*

## AMERICAN RAILROAD COMPANY OF PORTO RICO, Dft.

---

San Juan, Law, No. 1043.

DEMURRER AS TO VOLUNTARY PAYMENT.

Prescription—Collection of Freight.

    1. The prescription of Civil Code, § 1869, relating to collection

Ponce & G. R. Co. v. American R. Co.

of transportation expenses, is six months after delivery of the goods. The same applies to passage. But these are inapplicable to contracts between railroads.

Prescription—Torts.

2. There is a prescription of one year for actions to recover possession and obligations from fault or negligence, but this does not refer to a contract between railroads.

Final Settlement—Settlements from Time to Time.

3. Settlements from time to time provided for in a contract may be final if so agreed, or such construction is acted upon. It is not, however, a necessary construction of the words, even if the contract does not provide for any other final settlement.

Voluntary Payment—Money Withheld.

4. The defense of voluntary payment cannot be applied to money withheld by the party setting up the defense, even if not objected to at the time.

Contract—Construction of Parties.

5. If a contract provides for passenger, freight, and mixed service, it may be modified by construction of the parties, so as to make mixed cover both passenger and freight service.

Opinion filed April 8, 1915.

Mr. *Chas. Hartzell* for complainant.

Mr. *F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

This suit was originally brought on the equity side as No. 887 [ante, 131], seeking to have an accounting with the defendant for money claimed by the complainant to have been erroneously paid or charged under a certain contract dated September 7, 1910, between parties now represented by the plaintiff on the

one side and the defendant on the other. Upon demurrer it was held by the court that the case was not one of equitable jurisdiction, but was, if anything, one for the payment of money due. See opinion in manuscript, dated June 4, 1914. The pleadings were accordingly remodeled, and the matter now comes up upon a demurrer to an amended complaint. The complaint sets up the contract, by which the defendant agreed to operate certain train service over tracks lying between Ponce and Guayama, belonging in part to plaintiff and in part to defendant. Plaintiff admits that the contract provides for a passenger service and for a freight service at certain rates, to which the accounts rendered by the defendant to the complainant would conform; but it avers that the defendant did not operate separate passenger and freight services, but, instead, operated a mixed service, of both passenger and freight cars in one train, and claims that for this a lower scale of charges was provided in the contract than was charged by the defendant, and seeks to recover the difference, to wit: $20,622.72, due October 1, 1911, the date of an alleged final settlement.

The demurrer of the defendant filed September 16, 1914, alleges that it appears from the complaint that the money paid by plaintiff was paid voluntarily, that it was paid in accordance with the contract, and that the cause of action has prescribed.

1. The demurrer does not set out the specific sections of the law of prescription, but these are said on argument to be Code of Commerce, § 951, and Civil Code of Porto Rico, § 1869. The section from the Code of Commerce reads as follows:

"The actions relating to the collection of transportation, freights, expenses inherent thereto, and the contributions of

ordinary averages shall prescribe six months after the goods which gave rise thereto were delivered.

"The right to the collection of the passage shall prescribe after a similar period, to be counted from the day the traveler arrived at his destination, or from the day he should have paid the same."

It would seem evident that this refers to claims between a shipper or passenger and a common carrier, which is not the relation existing under this contract between the plaintiff and the defendant. The article of the Code of Commerce is therefore inapplicable, and the demurrer is overruled so far as relates to this ground.

2. Section 1869 of the Civil Code of Porto Rico is as follows:

"The following prescribe in one year:

"1. Actions to recover or retain possession.

"2. Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in § 1803, from the time the aggrieved person had knowledge thereof."

The section on its face refers to tort, and not to contract such as that now sued on, and the demurrer is overruled as to this ground.

3. The complaint alleges that the defendant presented from time to time certain statements indicating indebtedness of the plaintiff, and under these plaintiff erroneously paid the defendant approximately $12,925.14, and that, in addition to this, the defendant company retained from the earnings under the contract, which would have become due to the plaintiff, the further sum of $7,697.58. That the plaintiff, not being advised

to the contrary, and not having investigated the correctness of the accounts, made such payments in the belief that the defendant would make up a final account at the expiration of the contract. Defendant contends that under the contract, which is made a part of the complaint, the statements as alleged to be made from time to time were the only accounting provided by the contract, and, when so made and accepted, were final, so that the payments and settlements had are to be classed as voluntary payments, and the matter cannot later be opened. On the other hand, the plaintiff relies upon the contract provision "that the remuneration for the account of freight so transported shall not, on the final settlement at the termination of this contract, be less than 75 cents per train per kilometer," and alleges that while this refers immediately to freight, it implies a final settlement at the end of the contract, and, if final, it must embrace everything. It is true that the contract in another place speaks of a monthly payment, but this is specifically for maintenance of freight rolling stock. A final settlement by its terms can only be had at the end of the contract, in this case one for operation of the railroad. It would be possible for the parties to agree that a settlement had monthly should be final as to the affairs of the month, but this would not be the natural construction of a running contract, unless it contained a distinct provision to this effect, or unless the parties by practical construction, which amounts to an agreement, so acted. This contract does not contain any provision for monthly final settlements, and, unless the evidence shows such a practical construction by the parties, it must be construed as providing for what the words seem to mean,—a settlement at the end of the term.

Ponce & G. R. Co. v. American R. Co.

No settlement other than those made "from time to time" is admitted in the complaint. As a matter of construction of the contract it would seem that there was to be a final settlement at the end of the contract term, and on final settlements it is always proper to restate partial settlements. The contract itself does not seem to provide for any other final settlement. If statements were rendered monthly or otherwise "from time to time," this might be a great convenience, but they would not necessarily be final settlements under the terms of the contract. On the other hand, the contemporary construction of a contract by the parties to it is of great value as throwing light upon the proper meaning of the contract itself. How the parties treated these statements from time to time can probably only be known from the evidence in the case. The plaintiff's allegations are that they were partial, while the defendant insists that under his construction of the contract they were final. It can only be said that under the wording of the contract there could be a final settlement at the end of the contract term. It would seem as if the point could more properly come up on a charge to the jury after the actual facts have been presented by both sides. As it stands now it cannot be said that the statements "from time to time" mentioned in the complaint are necessarily to be held as final settlements of the subject-matter covered by them. If not, it cannot be said that money paid at such time was paid voluntarily and so cannot be recovered.

The law of voluntary payment is discussed in the opinion in case No. 887 in equity [ante, 131].

4. It should be added, moreover, that under the allegations of the complaint as shown above, a large sum of money is claimed to have been withheld by the defendant and never paid

over at all. It is true that it would seem that this was embraced in these statements "from time to time," but at all events such withholding by the defendant can hardly be said to have amounted to a voluntary payment by the plaintiff. If the plaintiff is estopped for any reason from the recovery of this, it is not upon the ground of voluntary payment, and this is all that is raised by the demurrer.

5. An important question in this case is whether the operation of a mixed train service should, under the contract, be paid for as a combination of the passenger and freight service rates, or under the separate clause providing for a mixed train service. This has been discussed in the argument upon the demurrer. There is, however, no proper ground of demurrer raising the point. All three forms of service are provided for in the contract, and it may be that, under the contract standing alone, if there was only a mixed train service, the rates provided for mixed service in the contract would control. If, on the other hand, without any formal amendment of the contract, the parties agreed either expressly or impliedly that the combination service was to take the place of the other two, it might be that the compensation would be at a rate combining the other two. This might be a question for the jury, and the fact of rendering accounts from time to time showing this combination and charging accordingly might, if assented to, amount to a contemporary construction of the contract. The point, however, hardly appears in the complaint, and certainly is not expressly raised by the demurrer. The argument, therefore, is for the present not appropriate, and the point will not be decided.

It follows, therefore, that the demurrer must be overruled, and it is so ordered.